OPINION
{¶ 1} Keith Courts is appealing from a decision by the Dayton Municipal Court finding him guilty of criminal trespass, a misdemeanor of the fourth degree, after he entered a plea of no contest to the charge. On appeal, he brings the following sole assignment of error:
 {¶ 2} "1. The trial court committed reversible error when it did not put orally on the record an explanation of circumstances to support each element of the charge of criminal trespass before the trial court found the appellant guilty on the appellant's no contest plea."
 {¶ 3} The appellee concedes that there was no explanation of circumstances before the trial court found Keith Courts guilty on his no contest plea in the misdemeanor case. Thus, there is essentially no disagreement that the judgment should be reversed.
 {¶ 4} The only issue really argued by the parties is whether the case should be remanded for further proceedings, which presumably would include an explanation of circumstances, or whether the defendant should be discharged and the case ended. The State makes an argument that a finding of no explanation of circumstances is different from a finding of insufficient explanation of circumstances, and only in the latter case should double jeopardy attach because there has been some semblance of a purported trial, whereas here, there has been no semblance of even a purported trial and jeopardy should not attach.
 {¶ 5} The defendant argues, and we agree, that the foregoing is a distinction without a difference. Furthermore, this court has gone on record that when there is nothing in the nature of an explanation of circumstances in the record, upon which the trial court could predicate a finding of guilty, its duty was to find the defendant not guilty upon his plea of no contest. R.C. 2937.07 requires that there be an "explanation of circumstances" before a trial court can make a finding of guilty on no contest pleas in misdemeanor cases. This court has held that upon such a situation the defendant has the right to be found not guilty on his plea of no contest. Jeopardy attached the instant defendant entered his no contest plea. Sate v. Stewart (June 10, 2004), Montgomery App. No. 19971, citing our earlier Second District case of State v. Klepinger
(Nov. 23, 1998), Greene App. No. 98-CA-24.
 {¶ 6} Thus, pursuant to our precedent in this district, we hereby reverse the judgment of the trial court and discharge the defendant.
Grady, J. and Donovan, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).