OPINION
{¶ 1} On June 23, 2004, Defendant, Thomas Kuhn, entered pleas of no contest to eleven misdemeanor offenses that were charged by way of a bill of information after the State nolled an indictment.
 {¶ 2} Kuhn pled no contest to one count of Public Indecency in violation of R.C. 2907.09(A)(3). That section provides: "No person shall recklessly . . ., under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's presence and who are not members of the person's household . . . [e]ngage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
 {¶ 3} Kuhn also entered pleas of no contest to four counts alleging violations of R.C. 4301.69(B). That section prohibits allowing unrelated underage persons to remain in or on the offender's premises "while possessing or consuming beer or intoxicating liquor . . ."
 {¶ 4} Kuhn also entered pleas of no contest to six counts alleging violations of R.C. 4301.69(A). That section prohibits furnishing beer or intoxicating liquor to underage persons.
 {¶ 5} The common pleas court accepted Kuhn's pleas of no contest and entered judgments of conviction. On July 9, 2004, the court imposed a term of incarceration of eighteen months and maximum fines for each of his offenses totaling $10, 250. The court suspended the term of incarceration and, in lieu of incarceration, imposed a five year term of community control and thirteen community control sanctions Kuhn must satisfy.
 {¶ 6} One of the community control sanctions the court imposed was that Defendant "not accept, offer nor solicit any of his services to any agency that services anyone under age 21." On January 4, 2005, a notice of revocation was filed charging that Kuhn had violated that sanction.
 {¶ 7} The matter of revocation was heard on February 10, 2005. The State offered evidence showing that, on September 26, 2004, following the shooting and death of a student at Elder High School in Cincinnati, which occurred within one block of the school, Defendant Kuhn telephoned the school's principal, Thomas Otten, and left a message stating: "If you need help, give me a call." Otten and Kuhn are both Roman Catholic priests and have been acquainted for many years. Kuhn was formerly assigned to Elder High School. The State also offered evidence showing that Kuhn appeared at the school later that same day but left when he was told to do so.
 {¶ 8} From the evidence it heard, the court found that Kuhn violated his community control sanction. The court did not revoke Kuhn's community control status. Instead, on February 11, 2005, it imposed more restrictive sanctions, including a requirement that Kuhn serve thirty days in jail. The State indicates that Kuhn has served that time and has also paid the maximum fines the court imposed.
 {¶ 9} Kuhn filed a timely notice of appeal from the order of February 11, 2005.
 FIRST ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT VIOLATED A CONDITION OF HIS COMMUNITY CONTROL."
 {¶ 11} The trial court found that Defendant violated his community control sanction requiring that he "not accept, offer nor solicit any of his services to any agency that services anyone under age 21."
 {¶ 12} Defendant does not dispute that he telephoned Fr. Otten and left the message to which Fr. Otten testified, or that, following up on it, he went to Elder High School later that day. Neither does he dispute that Elder High School serves persons under twenty-one years of age.
 {¶ 13} Defendant argues that, nevertheless, the trial court abused its discretion when it found a violation, for two reasons. First, Defendant contends, Elder High School is not an "agency." Second, even if the school is not an agency, Defendant contends that his offer was made to Dr. Otten individually, not to Elder High School.
 {¶ 14} Like a condition of probation, the requirements a community control sanction imposes must be capable of being reasonably understood by the person to whom it applies. State v.Jones (1990), 49 Ohio St.3d 51. The test requires a "`commonsense' reading of the condition" or sanction. Id., at 54, citing Nitz v. State (Alaska App. 1987), 745 P.2d 1379.
 {¶ 15} Defendant argues that the sanction the court imposed is vague and/or ambiguous. He cites R.C. 119.01(A)(1), a statutory definition of governmental agencies, which includes neither Elder High School nor Fr. Otten. He also argues that a school is not a commonsense application of the word "agency." He further argues that Fr. Otten, to whom his services were offered individually, is not an "agency." We do not agree.
 {¶ 16} The term agency, as the court employed it, might refer to a corporate entity that performs a social service function of some kind. However, that is not its sole meaning.
 {¶ 17} The terms "agent" and "agency" have a multitude of applications. Both derive from the Latin verb, ago, agere; the noun agens, agentis. The word defines and describes one who acts, a doer, force or power that accomplishes things. See Gill 
Gregory, The Law of Agency and Partnership, (2d. 3d., 1990), Section 1 at 2-3. Thus, we believe the word, in the context in which the court used it when it imposed the sanction, employs to its functional meaning; "something that produces an effect." Black's Law Dictionary, Seventh Edition.
 {¶ 18} On this record, the trial court could reasonably find that, with respect to the services it provides its students who are less than twenty-one years of age, Elder High School is an "agency" for purposes of the sanction Defendant violated. As its principal, Fr. Otten is a part of that agency. The offer Defendant made to assist them, coupled with appearing at the school after he did, is sufficient to portray a violation of the sanction the court imposed.
 {¶ 19} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 20} "THE TRIAL COURT ERRED WHEN IT IMPOSED AN ADDITIONAL CONDITION OF COMMUNITY CONTROL PREVENTING APPELLANT FROM BEING WITHIN 1000 FEET OF ANY PRIVATE OR PUBLIC SCHOOL, OR DAY CARE CENTER."
 {¶ 21} The sanction of which Defendant complains is not one of the thirteen separate sanctions the court imposed on July 29, 2004, as a part of Defendant's sentence. It is instead one of the three additional sanctions the court imposed on February 11, 2005, following a finding that Defendant had violated one of the sanctions in his sentence. This appeal is from that judgment and order. The same requirement, that Defendant not be within 1,000 feet of any private or public school, was also imposed by the court on December 16, 2004. Defendant took no appeal from that order.
 {¶ 22} R.C. 2929.25(A)(1) authorizes the court to impose community control sanctions "in sentencing an offender for a misdemeanor," and paragraph (a) of that section permits the court to "[d]irectly impose a sentence that consists of one or more community control sanctions." If the court subsequently finds that a defendant has violated one of more of the sanctions of his sentence, the court "may impose on the offender a more restrictive community control sanction or combination of community control sanctions, including a jail term" R.C.2929.25(C)(2).
 {¶ 23} The State argues that we lack jurisdiction to review the error which Defendant assigns because he failed to file a timely notice of appeal from the order of December 16, 2004, in which the sanction of which he complains was first imposed.
 {¶ 24} A judgment of conviction and sentence is unquestionably a final order. Because an order imposing community control sanctions is a part of a criminal defendant's sentence, R.C. 2929.25(A)(1), (a), it is a final order. The same applies to a more restrictive sanction imposed pursuant to R.C.2929.25(C)(2), after a violation of another sanction has been found.
 {¶ 25} Because it imposed a new sanction that was neither one the court had imposed as part of Defendant's criminal sentence nor one following a finding of a violation, the order of December 16, 2004 imposed a sanction not authorized by law. Defendant might have filed a notice of appeal from it, but he didn't. However, that failure does not deny us jurisdiction to review the error he assigns, because the same sanction was again imposed in the order of February 11, 2005, from which a timely notice of appeal was filed.
 {¶ 26} R.C. 2929.25(A)(1) authorizes the court to impose residential confinement, non-residential confinement, and/or financial sanctions as well as "any other conditions of release under a community control sanction that the court considers appropriate." The court's discretion to impose appropriate sanctions is therefore broad, but not wholly unrestricted. Any sanction, rationally interpreted, must relate to the crime of which the defendant was convicted and, without being unduly restrictive, be reasonably related to the defendant's rehabilitation and serve the statutory purposes of his release in lieu of incarceration. State v. Jones.
 {¶ 27} The purpose of a defendant's release on community control sanctions must be commensurate with the overriding purposes of misdemeanor sentencing in R.C. 1919.21(A), which states: "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."
 {¶ 28} Defendant argues that the restriction against his being within 1,000 feet of any school or day care center is overly broad and unduly restrictive. He points out that merely driving past or sufficiently near a school, which is readily done during a course of travel for other purposes, would constitute a violation. He also argues that because most Roman Catholic churches often have affiliated schools located within that distance, the prohibition unduly restricts his access to daily mass, which as a Roman Catholic priest is one of his obligations.
 {¶ 29} The State disagrees. It points out that R.C. 2950.031
prohibits sexual predators from residing within 1,000 feet of a school, and that drug sales performed within 1,000 feet of a school are more severely punished. See, e.g., R.C. 2925.03(C)(5). The State also points out that Kuhn, a teacher and school administrator, was convicted of allowing minors to consume alcohol and giving them alcohol, as well as public indecency. Therefore, the prohibition is reasonable for his own rehabilitation and for the safety of the community.
 {¶ 30} We agree that restrictions against Defendants' having contact with minors is appropriate to both his rehabilitation and the community's protection. However, that is accomplished by another sanction the court imposed, that he "have no personal or job related interaction with anyone under the age of 21." That would avoid his personal interaction with minors at schools, church, and all other locations.
 {¶ 31} The State is correct that R.C. 2929.031 imposes a like prohibition on sexual predators, however it limits where they reside, not points past which they might travel. Further, drug sales are in and of themselves criminal. The same does not apply to passing a school while traveling on an errand.
 {¶ 32} On this record, we find the restriction that Defendant "[n]ot be within 1,000 feet of any private or public school, or any day care center," is unduly restrictive. The court might have prohibited Defendant from entering those places, but its proximity requirement is overly-broad in relation to the purposes the restriction might serve. Further, those same purposes are amply served by the restriction that Defendant have no contact with persons under twenty-one years of age.
 {¶ 33} The second assignment of error is sustained.
 THIRD ASSIGNMENT OF ERROR {¶ 34} "THE TRIAL COURT ERRED WHEN IT IMPOSED AS AN ADDITIONAL CONDITION OF COMMUNITY CONTROL REQUIRING APPELLANT TO COMPLETE A SCREENING WITH DR. FRED PETERSON TO DETERMINE IF HE IS AN APPROPRIATE CANDIDATE FOR TREATMENT AT THE BEHAVIORAL MEDICINE INSTITUTE IN ATLANTA AND FURTHER REQUIRING HIM TO COMPLETE THE PROGRAM IF HE IS DETERMINED TO BE AN APPROPRIATE CANDIDATE."
 {¶ 35} Defendant performed and completed the requirement the sanction imposed. The State argues that the issue is therefore moot. We agree that there is no relief we can offer Defendant if error is found. However, the error he assigns was preserved by Defendant's motion to stay the community control requirements the trial court had imposed, a motion which we denied. See City ofDayton v. Elifritz (Feb. 6, 2004), Montgomery App. No. 19603,2004-Ohio-455.
 {¶ 36} Defendant contends that the trial court abused its discretion when it required him to submit to the tests Dr. Peterson employed because their purpose is to screen and identify sex offenders and Defendant is not a "sex offender" because he has not been convicted of a sexually-oriented offense so classified by R.C. 2950.01(D).
 {¶ 37} We agree that Public Indecency is not one of those offenses classified as sexually-oriented offenses by R.C.2950.01(D). However, as it is defined by R.C. 2907.09(A)(3), public indecency requires reckless conduct involving masturbation or sexual conduct. Sexual conduct is defined by R.C. 2907.01(A) to include a variety of acts of a sexual nature including vaginal intercourse, anal intercourse, fellatio, and cunnilingus.
 {¶ 38} Defendant's offenses involved underage males. That fact, coupled with the plea of no contest he entered and the conviction for public indecency that resulted, make it appropriate to assess his potential for similar misconduct if released on community control sanctions. R.C. 2929.25(A)(1). We find no abuse of discretion.
 {¶ 39} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 40} "THE TRIAL COURT ERRED WHEN IT IMPOSED ADDITIONAL CONDITIONS OF PROBATION UPON DEFENDANT WHEN THE UNDERLYING CONVICTION ITSELF WAS BASED ON AN INVALID PLEA."
 {¶ 41} Defendant filed no notice of appeal from his conviction and plea. Therefore, we lack jurisdiction to review the error he assigns with respect to the underlying pleas of no contest on which his conviction and sentence were based.
 {¶ 42} The fourth assignment of error is overruled.
 Conclusion {¶ 43} Having sustained the second assignment of error, we will reverse and vacate the community control sanction the court imposed prohibiting Defendant from being within 1,000 feet of a school or day care center. The order from which his appeal was taken will otherwise be affirmed.
Fain, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.