[Cite as *State v. Cunningham*, 2012-Ohio-959.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                      :

                                   :          Appellate Case No. 24584

        Plaintiff-Appellee         :

                                   :          Trial Court Case No. 10-CR-3773

v.                            :

                                   :

JOHN L. CUNNINGHAM      :          (Criminal Appeal from

                                   :         Common Pleas Court)

        Defendant-Appellant    :

                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., Atty. Reg. #0079994, by CARLEY J. INGRAM, Atty. Reg.
#0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County
Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ANDREA DEWAR OLADI, Atty. Reg. #0078868, Law Office of the Public Defender, 117
South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} In March 2011, Appellant John Cunningham pleaded guilty to fifth-degree

felony theft for stealing metal poles from a Dayton Public School storage facility. He was

sentenced to up to five years of community control. One of the community-control conditions prohibits Cunningham from coming within 1,000 feet of any Dayton Public School. Cunningham's sole assignment of error argues that this condition is overly broad.

{¶ 2} The state argues that we should dismiss this appeal as moot. The community-control statute provides that if an offender who is under a community-control sanction absconds, "the period of the community control sanction ceases to run until the offender is brought before the court for its further action." R.C. 2929.15(A)(1). The state has filed a motion to supplement the record with three trial-court entries: the July 2011 order suspending the community-control period and issuing a capias warrant for Cunningham's arrest, the January 6, 2012 warrant return, and the January 9, 2012 notice of community-control revocation hearing and order. The motion is granted. The state contends that Cunningham cannot complain about a condition that no longer applies to him. We disagree that the condition no longer applies.

{¶ 3} In July, the trial court declared Cunningham an absconder and ordered his arrest. Cunningham was arrested on January 5, and a community-control revocation hearing was set for January 10. The state's motion says that the state has ordered a recording of the hearing. From this we infer that the hearing did take place. Since Cunningham has been "brought before the court," the above statutory provision no longer applies. Therefore this appeal is not moot and we decline to dismiss it. Instead we consider its merits.

{¶ 4} "Probation conditions must be reasonably related to the statutory ends of probation and must not be overbroad." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.Ed.2d 1201, ¶ 16, citing *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990). This

standard also applies to community-control sanctions. *Id*.; *State v. Lane*, 2d Dist. Greene No. 2010 CA 21, 2010-Ohio-5639, ¶ 10, fn. 1 (recognizing that *Jones*'s holding also applies to community-control conditions). In determining whether a particular condition meets this standard "courts must 'consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation [or community control]." *Id*. at ¶ 12, quoting *Jones* at 53.

{¶ 5} We applied this test in the analogous case of *State v. Kuhn*, 2d Dist. Montgomery No. 20912, 2005-Ohio-6836. In that case the defendant was a teacher and school administrator. He pleaded no contest to eleven misdemeanor charges of public indecency, allowing underage persons to possess or consume alcohol on one's property, and furnishing alcohol to underage persons. The defendant was sentenced to community control. One of the community-control conditions prohibited the defendant from coming within 1,000 feet of any private or public school. On appeal, the defendant contended that this condition was overly broad and unduly restrictive. Disagreeing, the state pointed out that the law prohibits sexual predators from living within 1,000 feet of a school and punishes drug trafficking more severely when it is done within 1,000 feet of a school. Also, the state, pointing out that the defendant was a teacher convicted of giving minors alcohol and allowing them to consume it, as well as public indecency, argued that the condition was reasonably related to the defendant's rehabilitation and helped to ensure the safety of the community. We agreed that prohibiting the defendant from having contact with minors furthered his

rehabilitation and the community's protection. But we found that these goals were accomplished by another condition, which prohibited the defendant from having "personal or job related interaction with anyone under the age of 21." The prohibition on sexual predators, we said, limits where such people may live "not points past which they might travel." *Id*. at ¶ 31. And drug trafficking is itself criminal. "The same does not apply to passing a school while traveling on an errand." *Id*.

{¶ 6} On the record in *Kuhn*, we found that the restriction was overly broad and unduly restrictive. "The court might have prohibited Defendant from entering those places," we said, "but its proximity requirement is overly-broad in relation to the purposes the restriction might serve." *Id*. at ¶ 32. "Further," we continued, "those same purposes are amply served by the restriction that Defendant have no contact with persons under twenty-one years of age." *Id*. We reversed and vacated the school-proximity condition and otherwise affirmed the appealed order.

{¶ 7} For the same reason that it was in *Kuhn*, the school-proximity condition in the present case is overly broad and unduly restrictive.

{¶ 8} The sole assignment of error is sustained.

{¶ 9} In *Kuhn* we suggested that a condition prohibiting the defendant in that case from entering schools would have served certain purposes of community control but was unnecessary because another condition served those purposes. Here, because there is not another condition that serves the same purposes, instead of vacating the entire school-proximity condition, like we did in *Kuhn*, we will modify it. Instead of being prohibited from coming within 1,000 feet of any Dayton Public School, Cunningham may not

enter or be on any property of the Dayton Public School system.

{¶ 10} The trial court's order is affirmed as modified.

. . . . . . . . . . . . .

GRADY, P.J., concurs.

DONOVAN, J., concurring in part and dissenting in part:

{¶ 11} This case is illustrative of a recent disturbing trend wherein the trial court readily acquiesces and adopts all recommendations of the adult probation department without giving thoughtful and thorough judicial discernment to the suggested condition's reasonableness and breadth.

{¶ 12} Elimination of the 1,000-foot restriction is not sufficient. The condition of supervision should be vacated in its entirety. In my view, the majority's reliance upon *Kuhn* is misplaced. Kuhn was a teacher and administrator who victimized minors. Restricting him from access to school children by prohibiting him from entering a school would have been both reasonable for his own rehabilitation and the safety of the community. Thus, the court might have reasonably prohibited him from entering school premises.

{¶ 13} The majority herein concludes that "there is not another condition that serves the same purpose." (Presumably, the purpose of deterring Cunningham from stealing scrap metal from surplus facilities owned by Dayton Public Schools). I do not agree with this conclusion since Cunningham's community control includes thirteen additional conditions of community control. Among these conditions are a curfew, attendance at a theft clinic and abstention from illegal drugs. Adherence to these other conditions should prevent future thefts of scrap metal from any property to support Cunningham's drug habit.

{¶ 14} In my view, the restriction herein is overly broad and unreasonable even as modified by the majority. It unduly restricts Cunningham from any educational, recreational, social, cultural or political activity taking place on property owned by Dayton Public Schools. It is worth emphasizing that the theft occurred at a storage facility not a school or adjacent school property. It should be noted that the prohibition involving all Dayton Public School property was not a condition of supervision recommended by the prosecutor, as her written recommendation was simply "intensive supervision." Furthermore, unlike a private commercial establishment such as Elder Beerman or Macy's which commonly requests such trespass orders upon a theft conviction, Dayton Public Schools did not request this broad prohibition.

{¶ 15} The court's discretion in imposing conditions of community control is not without limit. I would sustain the assignment of error and reverse, directing the trial court to vacate the condition in its entirety.

· · · · · · · · · ·

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Andrea Dewar Oladi
Hon. Frances E. McGee