[Cite as *State v. Thompson*, 2024-Ohio-5533.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg      Court of Appeals No. WD-22-062

Appellee      Trial Court No. TRC22000241

v.

Paul F. Thompson      **DECISION AND JUDGMENT**

Appellant

Decided: November 22, 2024

* * * * *

Chynna L. Fifer, Prosecuting Attorney, City of Perrysburg, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Following a guilty plea, the defendant-appellant, Paul F. Thompson, was convicted of a first-degree misdemeanor by the Perrysburg Municipal Court and sentenced to 90 days in jail. On appeal, Thompson claims that the court committed

reversible error by failing to call for an "explanation of circumstances" before accepting his guilty plea and finding him guilty. We affirm.

## I. Background

{¶ 2} Following a single-car accident on January 27, 2022, Thompson was charged with two alcohol-related offenses under R.C. 4511.19: operating a motor vehicle while under the influence ("OVI") under Section (A)(1)(a), *and* refusing to submit to a test, under Section (A)(2), both first degree misdemeanors. Thompson was also charged with failure to control, in violation of R.C. 4511.202, a minor misdemeanor. Thompson failed to appear for a pretrial hearing on May 31, 2022, and a warrant was issued for his arrest.

{¶ 3} The warrant was served, and a hearing was held on September 9, 2022. At that time, the state moved to amend the OVI offense under R.C. 4511.19(A)(1)(a) to a violation under R.C. 4511.194 ("Physical control of vehicle while under the influence"). The court cited "evidentiary issues" as the reason supporting the amendment. It also indicated that the parties had reached an agreement, whereby Thompson would plead guilty to that offense and the state would dismiss the other two charges (refusal to test and failure to control). Following a plea colloquy with Thompson, the trial court accepted his guilty plea, entered a finding of guilt and convicted him. It sentenced him to serve 90 days in jail and to pay a fine of $250.00.

{¶ 4} Thompson was appointed counsel and appealed, raising a single assignment of error for our review:

2.

ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY WITHOUT AN EXPLANATION OF CIRCUMSTANCES TO SUPPORT THE AMENDED COMPLAINT PURSUANT TO R.C. 2937.07.

## II. Law and Analysis

{¶ 5} Thompson alleges that the trial court erred in entering a finding of guilt without calling for an "explanation of circumstances," in violation of R.C. 2937.07 ("Action on pleas of 'guilty' and 'no contest' in misdemeanor cases"). The statute provides, in relevant part,

> Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense.

{¶ 6} In this case, Thompson pled guilty to having physical control of a vehicle while under the influence, which is classified as a first-degree misdemeanor, and therefore, an explanation of circumstances was "mandated by R.C. 2937.07." *State v. Hair,* 2023-Ohio-2423, ¶ 13 (6th Dist.), quoting *State v. Russell,* 2011-Ohio-1181, ¶ 7 (7th Dist); R.C. 4511.194(D).

{¶ 7} R.C. 2937.07 does not define the phrase "explanation of circumstances," but we have found that,

> "At a minimum, it [requires] evidence sufficient to demonstrate the accused's criminal liability on the standards imposed by R.C. 2901.21

3.

['Requirements for criminal liability'] with respect to the offense alleged." *State v. Keplinger,* 1998WL864837 (2d Dist. Nov. 13, 1998). In that regard, when a court recites the charges against an accused, that recitation follows the terms of the statute under which the accused was charged, and the accused agrees to the truth of the charges and pleads guilty, a sufficient explanation of circumstances supports the finding of guilty.

*State v. Ostrander,* 2011-Ohio-3495, ¶ 24 (6th Dist.) (Finding the exchange between the trial court and defendant constituted a "sufficient explanation of circumstances" to support the finding of guilt).

{¶ 8} The state bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered. *Hair* at ¶ 14. "[I]t is immaterial who actually states the explanation on the record, [but] the record must affirmatively demonstrate that a sufficient explanation of circumstances was made." *State v. Holley,* 2020-Ohio-5104, ¶ 20 (2d Dist.).

{¶ 9} Here, the state moved to amend the charge against Thompson to "physical control." In support of that charge, it made the following proffer:

There was a one-car accident. No caller. Trooper sees a car in a ditch. And the defendant doesn't speak. He doesn't test. He refused. The only thing they had is odor. He was a little unsteady on his feet but he was also flipped over in a ditch. . . [W]e are aware that there are two prior OVIs [and] two amended physicals. So the State's assumption is that he knows not speaking at all goes to his benefit.

{¶ 10} In response, defense counsel said, "that's an accurate recitation as we've discussed the situation. Previously, Mr. Thompson, again, via phone suggested results and requests the Court to accept the recommendation and proceed to sentencing." Next, the trial court advised Thompson that he was pleading guilty to "physical control" which

4.

it described as "another alcohol-related traffic offense," carrying up to "six months in jail and a $1,000 fine." The trial court asked Thompson to confirm his "understanding [that] you're going to enter a plea today to physical control," which Thompson acknowledged. Following a Crim.R. 11 colloquy, the trial court accepted Thompson's guilty plea.

{¶ 11} On appeal, Thompson claims that an explanation of circumstances was "not provided" because a "description of the facts" supporting the charge and the "required elements" of the offense are missing from the record. We disagree.

{¶ 12} R.C. 4511.194(B)(1) provides, in relevant part, that "[n]o person shall be in physical control of a vehicle. . . if, at the time of the physical control. . . [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The term "[p]hysical control" is defined as "being in the driver's position of the front seat of a vehicle. . . and having possession of the vehicle's . . . ignition key or other ignition device." R.C. 4511.194(A)(2).

{¶ 13} Here, the state alleged that Thompson was involved in a "one-car accident," and the only conclusion to be drawn from the state's recitation is that he was the driver of that vehicle and thus in "physical control" of it. That is, Thompson was described as being "unsteady on his feet" after exiting his "flipped over" vehicle, and importantly, there are no facts to indicate that anyone else was in the vehicle who could have been operating it. Further, we note that Thompson does not specifically raise the "physical control" element on appeal.

5.

{¶ 14} As for the "under the influence" element, the state described Thompson as having an "odor" about him and "refus[ing]" to "speak" or "test," which the state alleged was because "he knows not speaking at all goes to his benefit," given his "two prior OVI's" and "two amended physicals." Thompson concedes to the accuracy of that description, and he specifically acknowledged to the court that this was "an alcohol related offense" before pleading guilty.

{¶ 15} Upon review, we find that the combination of the state's recitation of the facts, Thompson's agreement with the "accura[cy]" of those facts, including specifically that this was an "alcohol-related offense," and his guilty plea were sufficient to demonstrate Thompson's criminal liability. Moreover, and as in *Hair,* we also find that there is nothing in the record to suggest that Thompson did not understand the underlying facts before he pled guilty, and Thompson has not claimed otherwise. That is, he does not claim that he was confused by the amended charge.

{¶ 16} Furthermore, "an 'explanation of circumstances' has been deemed a substantive right, only in situations where a defendant pleads 'no contest.'" *State v. Jones*, 2016-Ohio-6987, ¶ 32 (11th Dist.) citing *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 151 (1984). Where, however, a defendant pleads guilty, as in this case, such an explanation does not carry the same "substantive import." *Id.* Dicta from *Jones* indicates that even where an explanation of circumstances is missing from the record, a defendant's "plea of guilty renders any error harmless as a matter of law." *Id.* Indeed, "a counseled plea of guilty is an admission of factual guilt so reliable that, where

voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *State v. Ellis,* 2017-Ohio-8104, ¶ 6 (2d Dist.) quoting *Menna v. New York*, 423 U.S. 61, 62, fn. 2 (1975).

{¶ 17} Under the circumstances of this case, we find that the explanation-of-circumstances requirement of R.C. 2937.07 was satisfied. Therefore, Thompson's assignment of error is found not well-taken.

### III. Conclusion

{¶ 18} The record indicates that the explanation of circumstances provided in this case was sufficient under R.C. 2937.07. Accordingly, Thompson's assignment of error is found not well-taken, and the September 9, 2022 judgment of the Perrysburg Municipal Court is affirmed. Pursuant to App.R. 24, Thompson is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, J. | |
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Charles E. Sulek, P.J.<br>CONCUR. | |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.