[Cite as *State v. Price*, 2025-Ohio-1487.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-69 |
| | : | |
| v. | : | Trial Court Case No. 24 CRB 00358 |
| | : | |
| JOY C. PRICE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 25, 2025

. . . . . . . . . . .

JACOB S. SEIDL, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Appellant, Joy C. Price, appeals from her conviction in the Xenia Municipal Court after pleading guilty to one count of assault. In support of her appeal, Price contends that the trial court judge erred by failing to recuse himself on grounds of judicial bias. Price also contends that her trial counsel provided ineffective assistance by failing to move for a recusal. Price further contends that the trial court abused its discretion by imposing

conditions of community control that were overly broad and unrelated to her criminal conduct. Lastly, Price contends that her guilty plea should be vacated because the trial court accepted her plea without calling for an explanation of circumstances as required by R.C. 2937.07. For the reasons outlined below, we disagree with Price's claims and will affirm the judgment of the trial court.

## Facts and Course of Proceedings

{¶ 2} On April 3, 2024, Officer Corey Farrar of the Xenia Police Department was called to the Greene County Juvenile Court on the report of an assault. After reviewing a court security video, Ofc. Farrar cited Price for first-degree-misdemeanor assault in violation of R.C. 2903.13(A),(C)(9)(a). Ofc. Farrar reported that the security video showed Price kicking a court bailiff in the leg while Price was in the process of being arrested on a failure to appear warrant.

{¶ 3} On August 22, 2024, Price appeared before the Xenia Municipal Court and pled guilty to the assault charge. The trial court accepted Price's guilty plea, ordered a presentence investigation report ("PSI"), and scheduled the matter for a sentencing hearing. It is undisputed that the trial court accepted Price's guilty plea without calling for an explanation of the circumstances as required by R.C. 2937.07.

{¶ 4} At Price's sentencing hearing, the trial court heard statements from both counsel and from Price. During her statement, Price took full responsibility for her actions and recognized that there was no excuse for her kicking the victim. After considering the parties' statements, a victim impact statement, and the PSI, the trial court sentenced Price

to 180 days in jail with 150 days suspended. The trial court also sentenced Price to two years of community control sanctions with certain conditions. The conditions required Price to complete an anger management assessment, a drug and alcohol assessment, and a mental health evaluation. The trial court also ordered Price to pay a $250 fine and court costs.

{¶ 5} Price now appeals from her conviction and raises three assignments of error for review.

**First Assignment of Error**

{¶ 6} Under her first assignment of error, Price contends that the trial court judge erred by failing to recuse himself due to the victim's employment as a bailiff in the Greene County Juvenile Court. Price suggests that a recusal was necessary due to potential bias resulting from the trial court judge's being part of the "same judicial system" as the Greene County Juvenile Court. Price also contends that her trial counsel was ineffective for failing to move for a recusal. We disagree.

{¶ 7} "The term judicial bias 'implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *State v. Bennett*, 2024-Ohio-274, ¶ 18 (2d Dist.), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), quoting paragraph four of the syllabus. "If a municipal court judge is alleged to have a bias or prejudice for or against any party to a proceeding pending before the judge,

or to be otherwise disqualified to preside over the proceeding, any party to the proceeding may file an affidavit of disqualification with the clerk of the Ohio Supreme Court." *Id.*, citing R.C. 2703.031. " 'R.C. 2703.031 provides the exclusive means by which a litigant may claim that a municipal court judge is unduly interested, biased, or prejudiced.' " *Id.*, quoting *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 2013-Ohio-5543, ¶ 33 (10th Dist.) (Other citations omitted.)

{¶ 8} In *Bennett*, this court held that it lacked jurisdiction to address the appellant's claim that the trial court judge erred by failing to recuse herself based on judicial bias. In so holding, we explained that:

> Bennett did not file an affidavit of disqualification of the municipal court judge with the clerk of the Supreme Court. Thus, the Supreme Court was not presented with the opportunity to review Bennett's concerns. Simply put, Bennett failed to invoke the jurisdiction of the proper court to review his claim of judicial bias, and we lack jurisdiction to address his claims. [*State v. Hussein*, 2017-Ohio-5519, ¶ 9 (10th Dist.)]; [*State v. Jones*, 2008-Ohio-6994, ¶ 16 (11th Dist.)].

*Bennett* at ¶ 19; *accord Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 71-72 (2d Dist.); *State v. Evans*, 2017-Ohio-8184, fn. 3 (2d Dist.).

{¶ 9} Like the appellant in *Bennett*, Price did not file an affidavit of disqualification with the Supreme Court of Ohio and, therefore, did not invoke the jurisdiction of the proper court to review her claim of judicial bias. We lack jurisdiction to review Price's claim of judicial bias in this appeal.

{¶ 10} Even if we had jurisdiction to address Price's claim of judicial bias, we would be confined to a plain error review since Price failed to raise the issue in the trial court. To establish plain error, Price must demonstrate that "an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the [proceeding]." (Emphasis deleted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶ 11} Here, the record does not establish any error, let alone plain error. As previously discussed, Price's claim of judicial bias is based merely on the victim's employment with the Greene County Juvenile Court. There is nothing in the record indicating that the victim was employed through the trial court or had any ties to the trial court judge so as to affect the judge's impartiality. Although Price argues that there was potential for bias due to the trial court and juvenile court being part of the "same judicial system," the fact remains that the trial court—the Xenia Municipal Court— is an entirely different court with separate jurisdictional authority. *See State v. Newman*, 2017-Ohio-4047, ¶ 22 (5th Dist.), citing R.C. 2151.23; R.C. 1901.02. We also note that the trial court and the juvenile court are physically situated at different locations within the city of Xenia. *See Village of Potsdam v. Wiedenheft*, 1998 WL 543692 (2d Dist. Aug. 28, 1998), citing *State v. Scott*, 3 Ohio App.2d 239, 242-243 (7th Dist.1965) (courts may take judicial notice of geographical facts which are matters of common knowledge). In any event, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) *In re*

*Disqualification of George*, 2003-Ohio-5489, ¶ 5. In this case, there is no appearance of bias or prejudice apparent from the record; accordingly, there is no basis to overcome the presumption against bias or prejudice.

{¶ 12} Because we lack jurisdiction to review Price's claim of judicial bias and otherwise find nothing in the record supporting that claim, Price's claim that the trial court judge erred by failing to recuse himself based on judicial bias is not well taken.

{¶ 13} Price's ineffective assistance of counsel claim is also not well taken. In order to succeed on an ineffective assistance claim, Price must establish: (1) her trial counsel's performance was deficient; and (2) the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 14} In this case, Price claims that her trial counsel was ineffective for failing to move for a recusal of the trial court judge. However, since there was no appearance of bias or prejudice on the part of the trial court judge, Price's trial counsel had no basis on which to move for a recusal. As a result, Price cannot demonstrate that her trial counsel performed deficiently in that regard, and her ineffective assistance claim necessary fails.

{¶ 15} Price's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 16} Price's second assignment of error challenges the trial court's decision to

impose conditions of community control that required her to complete a drug and alcohol assessment and a mental health evaluation. Without disputing the remaining components of her sentence, Price argues that the aforementioned conditions should be vacated because they are overly broad and not reasonably related to her criminal conduct. We disagree.

{¶ 17} R.C. 2929.25 governs misdemeanor community-control sanctions, and it provides a trial court with the following two options when sentencing an offender for a misdemeanor offense that does not carry a mandatory jail term: (1) "[d]irectly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code"; or (2) "[i]mpose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code." R.C. 2929.25(A)(1)(a)-(b).

{¶ 18} In this case, the trial court chose to impose a partially suspended jail term and to place Price under a combination of community control sanctions authorized under R.C. 2929.27. R.C. 2929.27(A) authorizes several non-residential sanctions, including drug and alcohol monitoring and treatment programs. In addition, R.C. 2929.27(C) authorizes the trial court to "impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing."

{¶ 19} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). Thus, "a principle of sentencing is that sanctions should be designed with an eye to changing the offender's behavior and rehabilitating him." *State v. Bowser*, 2010-Ohio-951, ¶ 12 (2d Dist.), citing R.C. 2929.21(A). "[W]hen deciding what conditions should accompany a community-control sanction, courts must consider how to achieve these purposes and principles in the unique circumstances of the particular case." (Citation omitted.) *Id.*

{¶ 20} "A trial court has broad discretion to impose misdemeanor community control sanctions, and we must affirm such a decision absent an abuse of discretion." *State v. Tobin*, 2012-Ohio-1968, ¶ 5 (10th Dist.), citing *State v. Talty*, 2004-Ohio-4888, ¶ 10 (reviewing felony community control sanctions for abuse of discretion) and *State v. Preston-Glenn*, 2009-Ohio-6771, ¶ 40-45 (10th Dist.) (reviewing misdemeanor community control sanctions for abuse of discretion); *accord State v. Wagener*, 2022-Ohio-724, ¶ 13 (6th Dist.); *State v. Hause*, 2009-Ohio-548, ¶ 7 (12th Dist.); *Bowser* at ¶ 8-23. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 2013-Ohio-966, ¶ 34.

{¶ 21} "While a court possesses broad discretion in determining the conditions of community control, its discretion is not unlimited." *State v. McCaleb*, 2006-Ohio-4652,

¶ 47 (2d Dist.), citing *State v. Jones*, 49 Ohio St.3d 51, 52 (1990) and *State v. Kuhn*, 2005-Ohio-6836, ¶ 26 (2d Dist.). "Any sanction, rationally interpreted, must relate to the crime of which the defendant was convicted and, without being unduly restrictive, be reasonably related to the defendant's rehabilitation and serve the statutory purposes of his release in lieu of incarceration." *Id.*, citing *Jones* at 52. *See also Tobin* at ¶ 7, citing *Talty* at ¶ 13, citing *Jones* at 52.

{¶ 22} The Supreme Court of Ohio has explained that when reviewing a condition of community control, "courts must 'consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.' " *Talty* at ¶ 12, quoting *Jones* at 53. "Even when a condition relates to these goals, however, it 'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.' " *State v. Allen*, 2023-Ohio-3655, ¶ 42 (2d Dist.), citing *Jones* at 52.

{¶ 23} As previously discussed, Price argues that the conditions of community control requiring her to complete a drug and alcohol assessment and a mental health evaluation should be vacated from her sentence because they are overly broad and not reasonably related to her criminal conduct. We disagree.

{¶ 24} The PSI reviewed by the trial court indicated that Price advised the PSI examiner that she had used alcohol on a regular basis since she was 14 years old and that alcohol had been a means for her to cope with past decisions. Price reported that she stopped using alcohol regularly in 2022 but still consumed it from time to time on a

social basis. Price also reported using marijuana occasionally and using cocaine and methamphetamine.

{¶ 25} The PSI also indicated that Price was diagnosed with anxiety and ADHD (attention-deficit/hyperactivity disorder) due to past trauma. Price advised the PSI examiner that she did not see a doctor or take any medication for her mental health problems. Price also told the PSI examiner that one of the goals she would like to accomplish if she were placed on community control would be to seek counseling for her mental health issues. Price expressed that her mental and emotional challenges might be a barrier to her successfully completing community control.

{¶ 26} The nature of Price's criminal conduct and her statements at the sentencing hearing also indicated that Price suffered from mental health issues. At the sentencing hearing, Price admitted that she had acted impulsively during the altercation in question, as she said: "I kicked [the victim] without thinking about it." Sentencing Tr., p. 10. Price also stated that she had been "up all night" and "wasn't thinking clear" when the altercation happened. *Id.* at 9. Price further explained that she had been "in a bad situation" and was "trying to survive" because she had been evicted and was "staying in a hotel." *Id.* at 8. These statements indicate that Price was under a lot of stress and was not able to think clearly when she assaulted the victim.

{¶ 27} Based on the foregoing information, the trial court could have reasonably concluded that Price's issue with anxiety affected her ability to cope with her stress and triggered her violent, impulsive behavior during the assault. In other words, we find that the trial court could have reasonably concluded that Price's criminal conduct was

connected to her mental health problems. Accordingly, the condition of community control requiring Price to undergo a mental health evaluation was reasonably related to her criminal conduct. A mental health evaluation was also reasonably related to Price's rehabilitation because it could potentially assist with Price's diagnosis and with identifying possible treatments or services that would deter Price from engaging in violent, impulsive behavior in the future. This also, in turn, served the overriding purpose of misdemeanor sentencing to protect the public from future crime by Price.

{¶ 28} We similarly find that a drug and alcohol assessment was reasonably related to Price's criminal conduct since Price admitted to being a drug user. The trial court could have reasonably concluded that Price's drug use may have contributed to the violent, impulsive behavior she exhibited during the assault. Also, since Price indicated that she had a history of using alcohol regularly to cope with past decisions, the trial court could have been concerned about Price reverting to alcoholism in the wake of her assault conviction. In addition, the trial court could have reasonably concluded that a drug and alcohol assessment would direct Price to treatment or services that would deter her from substance abuse, which would help prevent Price from engaging in similar violent, impulsive behavior in the future. Accordingly, a drug and alcohol assessment is reasonably related to Price's rehabilitation and served the overriding purpose of misdemeanor sentencing to protect the public from future crime by Price.

{¶ 29} For all the foregoing reasons, the trial court's decision to require Price to undergo a drug and alcohol assessment and a mental health evaluation was reasonable under the circumstances and not overly broad so as to unnecessarily impinge on her

liberty. Accordingly, we find that the trial court's decision to impose those conditions as part of Price's community control was not an abuse of discretion.

{¶ 30} Price's second assignment of error is overruled.

## Third Assignment of Error

{¶ 31} Under her third assignment of error, Price argues that the trial court erred by accepting her guilty plea to assault without calling for an explanation of circumstances as required by R.C. 2937.07. Although the record of the plea hearing establishes that the trial court did not give the required explanation of circumstances, for the reasons outlined below, we find that this error was harmless.

{¶ 32} "R.C. 2937.07 contains two paragraphs—the first dealing with the procedure required by the court before accepting a guilty plea in misdemeanor cases, and the second detailing the necessary procedure before the court accepts a no contest plea in misdemeanor cases." *State v. Waddell*, 71 Ohio St.3d 630 (1995). The paragraph relating to guilty pleas provides, in part, that:

> Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense.

R.C. 2937.07.

**{¶ 33}** The paragraph of R.C. 2937.07 relating to no contest pleas provides, in part, that:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

R.C. 2937.07.

**{¶ 34}** The language in these paragraphs indicates that "the trial court in a misdemeanor case is required to hear an explanation of the circumstances surrounding the offense." *State v. Holley*, 2020-Ohio-5104, ¶ 20 (2d Dist.). We have explained that "[t]he State bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered." *Id.* at ¶ 21, citing *State v. Schornak*, 2015-Ohio-3383, ¶ 8 (2d Dist.). "Regardless of who states the explanation of circumstances, the record must affirmatively demonstrate that a sufficient explanation of circumstances was made." *Id.*

**{¶ 35}** On several occasions, this court has addressed R.C. 2937.07's explanation of circumstances requirement in relation to no contest pleas. *See, e.g., Schornak* at ¶ 7-18; *State v. Blakely*, 2020-Ohio-1141, ¶ 22-26 (2d Dist.); *State v. Wieckowski*, 2011-Ohio-

5567, ¶ 4 (2d Dist.); *State v. Roland*, 2006-Ohio-3517, ¶ 4-7 (2d Dist.); *State v. Courts*, 2005-Ohio-3694, ¶ 5 (2d Dist.); *State v. Osterfeld*, 2005-Ohio-3180, ¶ 4-7 (2d Dist.); *State v. Keplinger*, 1998 WL 864837, *1-3 (2d Dist. 1998). In doing so, we have explained that "[t]he explanation of circumstances 'serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.' " *Schornak* at ¶ 7, quoting *State v. Stewart*, 2004-Ohio-3103, *3 (2d Dist.). " 'In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation.' " *State v. Powell*, 2024-Ohio-4923, ¶ 49 (2d Dist.), quoting *Girard v. Giordano,* 2018-Ohio-5024, ¶ 18. The Supreme Court of Ohio has declared that "R.C. 2937.07 confers a substantive right" and that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984); *accord Keplinger* at *1; *Schornak* at ¶ 7.

{¶ 36} That said, a " 'plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint[.]' " *Giordano* at ¶ 13, quoting Crim.R. 11(B)(2). In contrast, " '[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.' " *State v. Ellis*, 2017-Ohio-8104, ¶ 6 (2d Dist.), quoting *United States v. Broce*, 488 U.S. 563, 570 (1989). " 'Unlike a plea of no contest, which requires a trial court to make a finding of guilt, . . . a plea of guilty requires no finding or verdict.' " (Internal citations omitted.) *Id.*, quoting *State v. Fryer*, 2015-Ohio-4573, ¶ 26 (5th Dist.). "This is because 'a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly

removes the issue of factual guilt from the case.' " *Id.*, quoting *Menna v. New York*, 423 U.S. 61, 62, fn. 2 (1975).

{¶ 37} In *State v. Russell*, 2011-Ohio-1181 (7th Dist.), the Seventh District Court of Appeals was asked to review whether the appellant's guilty plea was invalidated by the trial court's failure to call for an explanation of circumstances as required by R.C. 2937.07. The appellant in *Russell* argued that the Supreme Court of Ohio's holding in *Bowers*, i.e., that "R.C. 2937.07 confers a substantive right" and that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances[,]" supported invalidating his guilty plea. *Id.* at ¶ 10. Although the appellate court in *Russell* ultimately rejected the appellant's argument due to the appellant's failure to raise the argument in a direct appeal, in dicta, the court pointed out that *Bowers* pertained to no contest pleas, not guilty pleas. *Id.* at ¶ 11-12. Specifically, the appellate court in *Russell* stated the following:

> [T]he *Bowers* case Appellant relies on specifically arose out of a no contest plea. There is no caselaw applying *Bowers* to a guilty plea. In the instant case, Appellant admitted his guilt by entering a guilty plea. He did not plead no contest. The main concern in *Bowers* was that the failure to provide an explanation of circumstances meant that there were no facts on which to find the defendant guilty. A no contest plea is not an admission of guilt, but rather, a stipulation that the court may make a finding of guilt from the explanation of circumstances provided to the court. [*Bowers*, 9 Ohio St.3d at 150]. There is a fundamental difference between pleading guilty

and pleading no contest, because a guilty plea constitutes an actual admission of guilt, whereas a plea of no contest requires the trial court to make a finding of guilt based on some type of evidence, at least in a misdemeanor case. [*State v. Knaff*, 128 Ohio St.3d 90, 93 (1988)].

In *Bowers*, the defendant pleaded no contest to two misdemeanor traffic offenses. . . .The *Bowers* Court held that the requirement of an explanation of circumstances in R.C. 2937.07 was a substantive right that was not superseded by Crim.R. 11, and that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." [*Bowers* at 150].

It is clear from the entire context of the *Bowers* case that it is solely directed at situations when a defendant has pleaded no contest. *Bowers* has no relevance in a case such as Appellant's where the defendant entered a guilty plea.

*Russell* at ¶ 12-14; *accord State v. Ostrander*, 2011-Ohio-3495, ¶ 23-24 (6th Dist.) (agreeing with *Russell* and finding that "it was 'clear from the entire context of the *Bowers* case that it is solely directed at situations when a defendant has pleaded no contest,' and that it had no relevance to cases in which an accused entered a guilty plea"), quoting *Russell* at ¶ 14.

{¶ 38} In *State v. Jones*, 2016-Ohio-6987 (11th Dist.), the Eleventh District Court of Appeals was also presented with the issue of whether a guilty plea was invalidated by the trial court's failure to call for an explanation of circumstances as required by R.C.

2937.07. Like *Russell*, the appellate court in *Jones* found that the appellant had failed to raise the issue on direct appeal and rejected the appellant's claim on that basis. *Jones* at ¶ 33. However, the court in *Jones* also stated that:

> The Supreme Court of Ohio has observed that an "explanation of circumstances" is important in the context of a "no contest" plea because it ensures the trial court does not enter a finding of guilty in a perfunctory fashion. [*Bowers*, 9 Ohio St.3d at 151]. As such, an "explanation of circumstances" has been deemed a substantive right only in situations where a defendant pleads "no contest." *Id.* Where, as in this case, a defendant pleads guilty, such an explanation does not carry the same substantive import. "There is a fundamental difference between pleading guilty and pleading no contest, because a guilty plea constitutes an actual admission of guilt, whereas a plea of no contest requires some type of evidence, at least in misdemeanor cases." [*Russell*, 2011-Ohio-1181, at ¶ 22]. Even though the court did not require the state to give an explanation, appellant's plea of guilty renders any error harmless as a matter of law.

*Jones* at ¶ 32.

{¶ 39} More recently, in *State v. Sanchez*, 2024-Ohio-5868 (11th Dist.), the Eleventh District Court of Appeals followed *Jones* and *Russell* and held that the trial court's failure to call for an explanation of circumstances upon a plea of guilty amounted to harmless error that did not affect the voluntariness of the appellant's guilty plea. *Id.* at ¶ 17-18. *See also State v. Thompson*, 2024-Ohio-5533, ¶ 16 (6th Dist.) (noting that "[d]icta

from *Jones* indicates that even where an explanation of circumstances is missing from the record, a defendant's 'plea of guilty renders any error harmless as a matter of law' "), quoting *Jones* at ¶ 32. The appellate court in *Sanchez* explained that because "[a]ppellant's plea of guilty constituted a complete admission of guilt, the trial court was free to find him guilty on the basis of the allegations contained in the criminal complaints against him." *Sanchez* at ¶18. The court also found that the appellant had "not asserted any prejudice that resulted from the trial court's failure to elicit an explanation of circumstances." *Id.*

**{¶ 40}** Prior to *Russell*, *Jones*, and *Sanchez*, in *State v. Ward*, 1987 WL 8489 (2d Dist. Mar. 27, 1987), this court was asked to determine whether the trial court had erred by failing to call for an explanation of circumstances prior to accepting the appellant's guilty plea to assault. In a brief analysis, this court essentially concluded that the error was harmless, as we overruled the argument on grounds that the appellant did "not argue that the court's failure to strictly follow the requirements of R.C. 2937.07 prejudiced him" and because there was not "any prejudice apparent from the record." *Id.* at *1.

**{¶ 41}** Upon review, we agree with the aforementioned harmless error line of cases. "If there is 'a "[d]eviation from a legal rule," ' courts undertake a ' "harmless error" inquiry—to determine whether the error "affect[ed] substantial rights" of the criminal defendant.' " *State v. Morris*, 2014-Ohio-5052, ¶ 23, quoting *State v. Fisher*, 2003-Ohio-2761, ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 732-733, 734 (1993). "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). "The term 'substantial rights' has been interpreted to require

that ' "the error must have been prejudicial." ' " *Morris* at ¶ 23, quoting *Fisher* at ¶ 7, quoting *Olano* at 734.

{¶ 42} In this case, Price has failed to explain, and we fail to see, how the omission of the explanation of circumstances during her guilty plea to assault prejudiced her. As previously discussed, guilty pleas are a complete admission of guilt to a criminal offense. Because Price entered a guilty plea, the trial court was not required to make a finding of guilt based on an explanation of circumstances. Accordingly, Price was not denied a substantial right when the trial court failed to call for an explanation of circumstances during her guilty plea. Therefore, under the circumstances of this case, the trial court's failure to provide an explanation of circumstances as required by R.C. 2937.07 amounted to harmless error and does not warrant vacating Price's guilty plea.

{¶ 43} Price's third assignment of error is overruled.

## Conclusion

{¶ 44} Having overruled all three of Price's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.