[Cite as *State v. Russell*, 2011-Ohio-1181.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 156 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DANIEL RUSSELL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Youngstown Municipal Court of Mahoning County, Ohio
Case No. 07TRD4994

JUDGMENT: Modified in part.
Affirmed in part.

APPEARANCES:

For Plaintiff-Appellee: Atty. Joseph Macejko
Youngstown City Prosecutor
Atty. John Marsh
Assistant City Prosecuting Attorney
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Lynn Maro
7081 West Boulevard
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 9, 2011

WAITE, P.J.

{1} Appellant Daniel Russell is appealing his 2009 conviction and sentence for a probation violation arising from a 2007 conviction for driving under suspension. Appellant argues that the original conviction was invalid because the prosecutor in the 2007 plea hearing did not provide an explanation of the circumstances of the crime when he pleaded guilty to the charge. An explanation of circumstances is required by R.C. 2937.07. Although the state has not filed a response in this appeal, it is clear that Appellant did not appeal the 2007 conviction and is now trying to collaterally attack that judgment through an appeal of a probation violation. Essentially, he argues that there was insufficient evidence to support the original conviction. This issue could and should have been appealed on direct appeal in 2007 and cannot now be challenged through this appeal. Further, Appellant relies on caselaw applicable only to no contest pleas. Appellant pleaded guilty to the charge. Hence, the caselaw he cites is inapposite.

{2} Appellant also argues that the trial court failed to notify him in 2007 that a violation of any of the many terms of community control and probation could result in the suspended jail term being reimposed. In so doing, Appellant relies on a statute that does not apply to suspended sentences. The record is clear that the court imposed a jail term, suspended it, and informed Appellant of the consequences of violating the terms of the suspended sentence.

{3} In reviewing Appellant's assigned errors, however, we have uncovered a reversible error that must be corrected. The record reflects that the trial court imposed a 90-day jail term for the probation violation even though the original

suspended sentence was only for 30 days. The trial court could only reimpose the original jail term. Thus, Appellant's argument has partial merit and the jail term for the probation violation is reduced to 30 days.

### History of the Case

{4} On June 11, 2007, Appellant was charged with driving under a suspended license, failure to use a turn signal, and operating a vehicle with expired plates. On September 5, 2007, Appellant entered a plea of guilty to one count of driving under a suspended license, a first degree misdemeanor pursuant to R.C. 4510.16. The other charges were dismissed. While there was some discussion at the plea hearing about whether Appellant was entering a no contest plea, as stated in the plea agreement, or a guilty plea, Appellant made it clear that he was entering a guilty plea. (9/5/07 Tr., p. 4.) The trial judge noted that Appellant had previously been convicted of driving under suspension in Youngstown Municipal Court and in county court. The judge gave Appellant the choice of spending 30 days in jail or being put on 90 days of house arrest. Appellant chose house arrest. The trial court's sentencing entry, filed on September 5, 2007, imposed a 30-day jail term, but allowed Appellant to serve the term by undergoing 90 days of house arrest. The court also imposed costs of $64 to be paid by September 14, 2007, six months of license suspension, one year of probation, and required Appellant to abide by all laws.

{5} On July 18, 2008, a notification of probation violation was filed. The notification alleged that Appellant did not report for probation, was convicted of another offense while on probation, and failed to pay his financial sanctions. On May

13, 2009, Appellant was issued a summons and counsel was appointed. Appellant stipulated to probable cause for the violation. The final hearing on the probation violation was held on September 8, 2009. The court's sentencing entry was filed the same day. The court terminated community control and probation, and sentenced Appellant to 90 days in jail. This appeal followed on September 9, 2009. Appellee did not respond to this appeal. The two assignments of error will be taken in reverse order for ease of argument.

### ASSIGNMENT OF ERROR NO. 2

**{6}** "Appellant's sentence is in violation of the Due Process rights under the XIV Amendment of the United State's [sic] Constitution and Article I §16 of the Ohio Constitution in that the plea was accepted and a finding of guilt entered without an explanation of the circumstances."

**{7}** Appellant argues that the trial court must call for an explanation of circumstances when it accepts either a plea of guilty or a plea of no contest in a misdemeanor case, and that failure to call for this explanation is reversible error. It is clear that no explanation of circumstances was provided at the change of plea hearing, nor is there any record that Appellant waived the requirement of an explanation of circumstances. An explanation of circumstances is mandated by R.C. 2937.07, which states:

**{8}** "If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. If the court

or magistrate so believes, the court or magistrate shall enter a plea of not guilty and set the matter for trial pursuant to Chapter 2938. of the Revised Code. *Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives.* After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

{9} "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of 'no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding." (Emphasis added.)

{10} Appellant argues that, according to the holding of *Cuyahoga Falls v Bowers* (1984), 9 Ohio St.3d 148, 459 N.E.2d 532, the statutory provisions of R.C. 2937.07 confer a substantive right, and failure to follow R.C. 2937.07 invalidates a guilty plea. Appellant acknowledges that the *Bowers* case involved a no contest plea, whereas Appellant pleaded guilty, but he contends that there is no difference between the two types of pleas as far as the requirement of an explanation of

circumstances is concerned. Appellant asserts that the court could not make a finding of guilt without the required explanation of circumstances. Appellant concludes that the proper remedy is a new sentencing hearing.

{11} There are two immediate problems with Appellant's arguments regarding the requirement in R.C. 2937.07 of an explanation of circumstances. First, Appellant never appealed his conviction and sentence for driving under suspension. Appellant is before us now on an appeal of his conviction for a probation violation that occurred more than two years after his original conviction and sentence was imposed. Appellant has not provided any basis to allow for a collateral attack on a conviction and sentence that was never directly appealed. Appellant's failure to file an appeal of his conviction bars him, on the basis of res judicata, from challenging any issues that could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶6. Obviously, arguments regarding the sufficiency of the evidence or the effect of failing to strictly follow the requirements of R.C. 2937.07 could, and should, have been raised on direct appeal.

{12} Second, the *Bowers* case Appellant relies on specifically arose out of a no contest plea. There is no caselaw applying *Bowers* to a guilty plea. In the instant case, Appellant admitted his guilt by entering a guilty plea. He did not plead no contest. The main concern in *Bowers* was that the failure to provide an explanation of circumstances meant that there were no facts on which to find the defendant guilty. A no contest plea is not an admission of guilt, but rather, a stipulation that the court may make a finding of guilt from the explanation of circumstances provided to the

court. *Bowers*, supra, 9 Ohio St.3d at 150, 459 N.E.2d 532. There is a fundamental difference between pleading guilty and pleading no contest, because a guilty plea constitutes an actual admission of guilt, whereas a plea of no contest requires the trial court to make a finding of guilt based on some type of evidence, at least in a misdemeanor case. *State v. Knaff* (1988), 128 Ohio St.3d 90, 93, 713 N.E.2d 1112.

{13} In *Bowers*, the defendant pleaded no contest to two misdemeanor traffic offences. The Cuyahoga Falls Municipal Court found the defendant guilty and thereafter denied his motion to withdraw his plea and vacate the judgment. The issue before the Supreme Court was whether R.C. 2937.07 was still valid after the enactment of Crim.R. 11(B)(2), which provides that a plea of no contest admits the truth of the facts alleged in the complaint. If Crim.R. 11(B)(2) were applied, no explanation of circumstances would be needed because the court could simply rely on the facts as alleged in the complaint. The *Bowers* Court held that the requirement of an explanation of circumstances in R.C. 2937.07 was a substantive right that was not superseded by Crim.R. 11, and that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." Id. at 150.

{14} It is clear from the entire context of the *Bowers* case that it is solely directed at situations when a defendant has pleaded no contest. *Bowers* has no relevance in a case such as Appellant's where the defendant entered a guilty plea.

{15} For all the aforementioned reasons, this assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 1</u>

**{16}** "Appellant's sentence for a community control violation was in violation of the Fourteenth Amendment of the United States Constitution and Article I §16 of the Ohio Constitution when he was sentenced for a community control violation without any prior notification of possible sanctions for violating community control."

**{17}** Appellant contends that the trial court could not have imposed a jail term for a violation of one of the terms of his community control sanction unless the court first notified him of the consequences of violating community control. This requirement comes from R.C. 2929.25(A)(3), which states:

**{18}** "(3) At sentencing, *if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court* shall state the duration of the community control sanctions imposed and *shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following*:

**{19}** "(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

**{20}** "(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

**{21}** "(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."

**{22}** Appellant contends that the trial court only notified him that a jail sentence would be imposed if he violated the terms of his house arrest, not if he violated any of the other terms of his community control, which included financial sanctions, probation, and a requirement to abide by all laws. Appellant's probation violation did not involve a violation of the terms of house arrest. He thus concludes that the trial court could not impose any jail time for the probation violation. Appellant relies on our recent decision in *State v. Shugart*, 7th Dist. No. 08 MA 197, 2009-Ohio-2635, as support. In *Shugart*, the trial court failed to notify the defendant of the consequences of violating the terms of probation. The trial court then imposed jail time in response to the probation violation. On appeal, we held that a trial court is not authorized to impose the sanction of probation revocation when there is no notice given pursuant to R.C. 2929.25(A)(3). Id. at ¶33.

**{23}** The main problem with Appellant's argument is that R.C. 2929.25(A)(3) does not apply in this case. Section (A)(3) applies only if a community control sanction is imposed "pursuant to division (A)(1)(a) of this section". 2929.25(A)(1) states:

**{24}** "(A)(1) * * * in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:

**{25}** "(a) *Directly impose a sentence that consists of one or more community control sanctions* authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. * * *

**{26}** "(b) *Impose a jail term* under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, *suspend all or a portion of the jail term imposed, and place the offender under a community control sanction* or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code." (Emphasis added.)

**{27}** R.C. 2929.25(A)(1) describes two ways that a trial court may impose community control sanctions in a misdemeanor case. R.C. 2929.25(A)(1)(a) gives the court the option of directly imposing community control sanctions. R.C. 2929.25(A)(1)(b), on the other hand, allows the trial court to impose a jail term, suspend the jail term, and then place the offender on community control.

**{28}** The requirement in R.C. 2929.25(A)(3) to notify the defendant of the consequences of violating community control applies only if the court directly imposes community control. If the court imposes a jail term and then suspends it, there is no need to notify the defendant that a jail term may result from violating the terms of community control because the jail term has already been imposed and the defendant has been notified of that term. *State v. Drake*, 2d Dist. No. 21939, 2007-Ohio-6586, ¶22; see also, *State v. Robenolt*, 7th Dist. No. 04 MA 104, 2005-Ohio-6450, ¶23-28.

**{29}** The record reflects that the trial court directly imposed a 30-day jail term, and then allowed Appellant to serve that jail term by serving 90 days of house arrest. Although the September 5, 2007, judgment entry does not use the phrase "suspended sentence", it is apparent from the context of the judgment that a definite

jail term was imposed and suspended. The judgment entry specifically states that "Defendant [is] sentenced to 30 days incarceration in the Mahoning County Justice Center." Although Appellant contends that this is not a suspended sentence, the judgment entry clearly imposes a jail term then allows Appellant the option of avoiding the jail term by serving 90 days of house arrest. This is the very essence of a suspended sentence. Because the trial court directly imposed a jail term, it did not need to further notify Appellant of the consequences of violating community control.

{30} Appellant's argument, though, brings to light the fact that the trial court imposed and then suspended a 30-day jail term in the original sentencing judgment entry. Thus, it can only reimpose that same 30-day jail term for a violation of the conditions of community control and probation. The court erred by imposing a 90-day jail term following the probation violation. Based on this error we find that Appellant's first assignment of error is partially correct. The jail term for the probation violation is hereby reduced to 30 days. The judgment of the trial court is affirmed in all other aspects.

Donofrio, J., concurs.

DeGenaro, J., concurs.