[Cite as *State v. Benson*, 2019-Ohio-4635.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

D'ANGELO BENSON,

Defendant-Appellant.

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0042**

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17 CR 209

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Cynthia Henry,* P.O. Box 4332, Youngstown, Ohio 44515 and Atty. Desirae D. DiPiero, Desirae DiPiero, LLC, 8256 East Market Street, Suite 111, Warren, OH 44484, for Defendant-Appellant.

Dated: November 4, 2019

————————————

**D'Apolito, J.**

**{¶1}** Appellant D'Angelo Benson appeals his twelve-month sentence imposed by the Mahoning County Court of Common Pleas for one count of obstructing justice, in violation of R.C. 2921.32(A)(C)(2), a felony of the fifth degree. Absent specific exceptions, a prison sentence may not be imposed for a conviction of a non-violent fifth degree felony that meets the additional requirements in R.C. 2929.13(B)(1)(a). However, a trial court may impose a prison sentence for a non-violent fifth-degree felony if "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii). Appellant contends that his sentence is predicated upon his failure to comply with the conditions of his intervention in lieu of conviction ("ILC"). Because Appellant's first violation of his ILC, his illegal drug use, is also a bond violation, we find that the prison sentence imposed by the trial court is not contrary to law.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On February 17, 2017, Appellant attempted to conceal drugs in his shoe while sitting in a patrol car during a traffic stop. On February 19, 2017, during a second traffic stop, Appellant attempted to conceal drugs in his mouth, also while sitting in a patrol car. The validity of the stops and the searches are not challenged in this appeal.

**{¶3}** Appellant was arrested on February 19, 2017. At his initial appearance on February 21, 2017, bond was set at $5,000.00. The conditions of bond were not included in the entry and there is no transcript of the hearing in the record. On January 27, 2017, Appellant waived his right to a preliminary hearing and bond was continued.

**{¶4}** On March 23, 2017, Appellant was indicted for one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), a felony of the third degree, and one count of possession of drugs, in violation of R.C. 2925.11(A)(C), a misdemeanor of the first degree. Appellant was arraigned on April 4, 2017.

Case No. 18 MA 0042

{¶5}   On April 14, 2017,  Appellant entered into a written waiver of his speedy trial right, which contained the following conditions of bond:

Defendant is to personally be aware and appear timely and appropriately dresses for all future Court proceedings; Defendant is not to violate any laws; Defendant is not to own, use, or possess any drugs or firearms; Defendant shall not act in any way to cause or attempt to cause any harm or threat of harm to any persons or property; Defendant is not to leave the State of Ohio without permission of this Court.

(4/14/17 Waiver, p. 1.)

{¶6}   On May 31, 2017, Appellant entered a plea to the amended charge of obstructing justice, a fifth-degree felony. The trial court imposed a two-year term of ILC, pursuant to R.C. 2951.041, because Appellant alleged that drug use was a factor leading to the commission of his crime.

{¶7}   At the plea hearing, the trial court explained that Appellant was subject to the supervision of the Adult Parole Authority and the authority of Treatment Accountability for Safer Communities ("TASC") while on ILC, and that Appellant was required "to honor and obey all of [TASC's] directives."  The trial court also reiterated Appellant's bond conditions, including the prohibition on illegal drug use.  (5/31/17 Plea Hrg., p. 18-19.)

{¶8}   Appellant violated the conditions of his ILC on two occasions.  Less than a month after his plea hearing, Appellant admitted to the use of crystal methamphetamine. The trial court recognized at the violation hearing that "doing these drugs is a crime," (*Id.*, p. 16), and imposed a 90-day jail term, which was suspended after 30 days, when Appellant was admitted into a rehabilitation program.  Appellant reported to the Adult Parole Authority immediately upon completion of the substance abuse program to continue ILC.

{¶9}   Roughly nine months after the plea hearing, Appellant was terminated from his TASC program due to his failure to appear for scheduled meetings.  At the second revocation hearing, Appellant admitted the violation but explained that he did not have

transportation to the meetings.  Appellant was drug tested on the day of his arrest for the second violation and did not test positive for drugs.

{¶10}  While imposing the sentence, the trial court observed:

[T]he Court considers the purposes and principles of sentencing and the seriousness and recidivism factors and the guidance by the degree of felony.  The Court considers that I placed this man on [ILC] to help him.  He violated it.  I did not find him guilty of the crime.  I continued his [ILC] and imposed other sanctions to, once again, help him through. I did the best I could to turn the other cheek, which judges are not supposed to do.  We're supposed to enforce our orders. I did it.  I gave this guy another break and here he is thumbing his nose at me again and he's now guilty of the crime that he committed.

(*Id.*, p. 12.)  In the sentencing entry, the trial court wrote that it considered the history of both of Appellant's ILC violations.  The trial court imposed a twelve-month sentence with jail time credit of 74 days.  (*Id.*, p. 2-3.) This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A PRISON TERM AFTER AN INTERVENTION IN LIEU OF CONVICTION VIOLATION WHEN THE FACTORS NECESSARY TO OVERCOME THE STATUTORY PRESUMPTION FOR COMMUNITY CONTROL WERE NOT PRESENT.**

{¶11}  Pursuant to *State v. Marcum*, 146 Ohio St.3d 516, 59 N.E.3d 1231, 2016-Ohio-1002, ¶ 1, an appellate court may vacate or modify a sentence that is clearly and convincingly contrary to law, or is clearly and convincingly not supported by the record. *Id.*  Appellant contends that the trial court was required to impose a community control sanction.  The state argues that a sentence of imprisonment was lawful because the bond violation exception applies.

{¶12} R.C. 2929.13(B)(1)(a) creates a presumption in favor of community control sanctions for nonviolent felonies of the fourth or fifth degree where the defendant meets certain additional criteria. The state does not dispute that Appellant fulfills the requirements of R.C. 2929.13(B)(1)(a). However the trial court has discretion to impose a prison sentence pursuant to R.C. 2929.13(B)(1)(b) "if any of the following apply":

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶13} We have previously held that a trial court is not required to make specific findings when imposing a prison sentence pursuant to R.C. 2929.13(B)(1)(b). In *State v. Floyd*, 7th Dist. Belmont No. 15 BE 61, 2017-Ohio-4278, we affirmed a prison sentence because the record established that the defendant had violated the conditions of his bond, despite the trial court's failure to make specific findings at the sentencing hearing. *Id.* at ¶ 7, a*ccord State v. Paxon,* 11th Dist. Trumbull No. 2019-T-0011, 2019-Ohio-3551, ¶ 18.

{¶14} Appellant contends that his sentence is contrary to law because it is predicated upon a violation of his ILC. R.C. 2951.041, the ILC statute, allows courts to "'treat the cause rather than punish the crime.'" *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000). The Ohio Supreme Court explained ILC as follows:

ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1). If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty

plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F).

*Id.* ¶ 9.

{¶15} Appellant's bond specifically prohibited drug use. The record reflects that the trial court considered Appellant's first ILC violation, his illegal drug use, during sentencing. Because it can be gleaned from the record that Appellant's illegal drug use constitutes a bond violation, we find that Appellant's prison sentence is not contrary to law and affirm the judgment entry of the trial court.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 18 MA 0042

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**