[Cite as *State v. Padgelek*, 2026-Ohio-817.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN D. PADGELEK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0046

---

Criminal Appeal from the
Belmont County Court, Northern Division, of Belmont County, Ohio
Case No. 25CRB00258N

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Holly M. Simpson*, for Defendant-Appellant.

Dated: March 11, 2026

**DICKEY, J.**

**{¶1}** Appellant, Brian D. Padgelek, appeals the August 6, 2025 docket and journal entry of the Belmont County Court, Northern Division, convicting him of two counts of aggravated menacing and imposing maximum, consecutive sentences of 180 days for each conviction, for an aggregate sentence of 360 days, with 337 days reserved. Appellant entered guilty pleas to both charges the same day the sentences were imposed.

**{¶2}** Appellant advances two assignments of error. First, he contends his convictions should be vacated because the county court failed to call for an explanation of the circumstances of the offenses in violation of R.C. 2937.07. Second, Appellant argues the county court abused its discretion in imposing consecutive sentences. Finding no reversible error, Appellant's convictions and consecutive sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**{¶3}** On July 16, 2025, a criminal complaint was filed charging Appellant with two counts of telephone harassment in violation of R.C. 2917.21(B)(1), misdemeanors of the first degree, and two counts of aggravated menacing in violation of R.C. 2903.21(A) and (B), misdemeanors of the first degree. The crimes were alleged to have been committed on July 13 and 14, 2025. Appellant's victims were two local law enforcement officers (one current, one former).

**{¶4}** A warrant was issued for Appellant's arrest and he was remanded to the custody of the Belmont County Sheriff's Office without bond, to be evaluated by Coleman Health Services. At his arraignment on July 23, 2025, Appellant entered pleas of not guilty to all charges in the criminal complaint.

**{¶5}** At a hearing on August 6, 2025, Appellant entered pleas of guilt to both aggravated menacing charges, in exchange for the dismissal of the two remaining telephone harassment charges. R.C. 2903.21, captioned "Aggravated menacing," reads in relevant part:

> No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person . . . or a member of the other person's immediate family. In addition

to any other basis for the other person's belief that the offender will cause serious physical harm to the person or property of the other person . . . or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

R.C. 2903.21(A).

**{¶6}** During the plea colloquy, the county court asked Appellant, "[do] you understand that when you enter a guilty plea, you're making a complete admission of guilt as to each element of the offense?" Appellant responded, "I do." (8/6/25 Hrg., p. 5.)

**{¶7}** Both victims addressed the county court prior to sentencing. J.M. stated:

[T]he only thing that I ask is for myself and my family to be left alone. All the attacks and threats that [Appellant] did were all over social media. I've been out of law enforcement now for almost three years. I haven't talked to him in many, many years. I just want to be left alone and my family left alone.

(*Id.* at p. 7.)

**{¶8}** V.W. stated:

I also am asking for the same thing. He's made threats against my family, my children, my household. He does this about once a year. He goes into this little rant. He's delusional over something that happened in 2015 that he already was sentenced and dealt with.

I ask that he's restricted from any contact with me and my family. I also ask that the social media posts and everything that he's been privileged to be allowed to make cease. That's about it.

(*Id.* at p. 8.)

Case No. 25 BE 0046

**{¶9}** The state requested the maximum sentences for each count, leaving the reserve amount to the county court's discretion, and five years of probation. The state further requested GPS monitoring for (at least) the first 30 days of probation "to make sure [Appellant] doesn't enter any of the areas that [the state would] identify more specifically by the end of [the day.]" (*Id.* at p. 6.)

**{¶10}** Defense counsel requested time served based on Appellant's recognition of his mistakes and his warranty that "he is essentially done with this behavior." (*Id.* at p. 9.) According to defense counsel, nineteen days in jail taught Appellant a "loud and clear" lesson that "this is not the way you address [frustrations] or any problems." (*Id.* at p. 9.)

**{¶11}** Defense counsel characterized the imposition of time served as an "incentive for this not to happen any further." (*Id.*) Defense counsel represented Appellant had "no problem with the lengthy probation" and a "no contact" provision, and Appellant "fully [understood] that there [would] be a very short leash." (*Id.* at p. 10.)

**{¶12}** During his allocution, Appellant explained he was aimless after the death of his mother roughly two years before the hearing. Appellant expressed his desire to care for his seriously-ill father then relocate to California.

**{¶13}** Prior to imposing sentence, the county court inquired:

> I want to talk very briefly about that pharmacy. The last time we talked, you had a concern about your medication. Are we squared away right now with your medication, with what you are prescribed and that you've been taking everything pursuant to how it's supposed to be prescribed while you're housed in the Belmont County jail? Are you up to date on your medication?

(*Id.* at p. 12.)

**{¶14}** Appellant responded, "[m]y medication is fine. I'm doing the best I can. Since rehab, they pretty much have me on the same medication. I got off it briefly, and they put me back on [sic]. They have restricted meds to help my back injury. That's nerve medication I can't get here." (*Id.* at p. 12-13.)

{¶15} Next, the county court inquired about Appellant's mental health counseling. Appellant represented that he talked with a counselor a couple times, and he is "staying off of [Facebook] for right now." (*Id.* at p. 13.) The county court expressed its plan to arrange ongoing mental health counseling as part of Appellant's probation.

{¶16} The county court imposed two maximum 180-day consecutive sentences, for an aggregate sentence of 360 days, with 337 days suspended, and five years of probation. At the time of sentencing, Appellant was in the custody of the Belmont County Sheriff. The twenty-three days of jail time imposed consisted of the nineteen days of jail time credit he had at the time of sentencing with an additional four days to follow.

{¶17} The county court suspended the fine, in lieu of court costs consisting of the cost of GPS monitoring for the first thirty days of Appellant's five-year probationary period. The county court explained GPS monitoring would "help facilitate [Appellant] going from jail back into society." (*Id.* at p. 18.) Appellant is prohibited from any contact with the victims or their families, and was ordered to enroll in outpatient treatment at Coleman Health Services and to comply with his medication regimen.

{¶18} Appellant filed this timely appeal asserting two assignments of error. He asserts his convictions should be vacated and the underlying charges dismissed based on a statutory violation committed by the county court at the sentencing hearing. He further asserts the county court abused its discretion in imposing consecutive sentences.

## ANALYSIS

## ASSIGNMENT OF ERROR NO. 1

## THE TRIAL COURT ERRED IN FINDING [APPELLANT] GUILTY WITHOUT FIRST REQUIRING A RECITATION OF THE FACTS.

{¶19} Appellant correctly argues the county court committed a statutory violation when it failed to call for an explanation of the circumstances of the offenses. "R.C. 2937.07[, captioned 'Action on pleas of "guilty" and "no contest" in misdemeanor cases,'] contains two paragraphs – the first dealing with the procedure required by the court before accepting a guilty plea in misdemeanor cases, and the second detailing the necessary

procedure before the court accepts a no contest plea in misdemeanor cases." *State v. Waddell*, 71 Ohio St.3d 630, 631 (1995).

**{¶20}** The paragraph relating to pleas of guilt reads in relevant part:

> Upon receiving a plea of guilty, the court or magistrate *shall* call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense.

(Emphasis added) R.C. 2937.07.

**{¶21}** Conversely, the paragraph of R.C. 2937.07 relating to pleas of no contest provides in relevant part:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute *an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense*. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

(Emphasis added) R.C. 2937.07.

**{¶22}** We have held there must be a recitation of the circumstances of the offense to demonstrate compliance with R.C. 2937.07. *State v. Russell*, 2011-Ohio-1181, ¶ 12-14 (7th Dist.). While there is no absolute requirement that the trial court judge read the explanation of circumstances into the record, some participant in the hearing, whether the court or the prosecutor, must provide this recitation for the record. *State v. James*, 2016-Ohio-4662, ¶ 8 (7th Dist.). The remedy for a violation of R.C. 2937.07 following a plea of

no contest is not only vacation of the conviction, but a dismissal of the underlying charge based on constitutional protections against double jeopardy.

{¶23} In *State v. Russell*, Russell attempted to collaterally attack his original 2007 conviction based on a violation of R.C. 2937.07 in an appeal of his subsequent 2009 conviction and sentence for a probation violation. We dismissed the appeal on procedural grounds finding the statutory challenge to Russell's original conviction and sentence must have been raised through a direct appeal.

{¶24} Nonetheless, we considered the merits of Russell's statutory challenge to his original conviction, which was the result of his entry of a guilty plea. Russell argued the Ohio Supreme Court's holding in *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148 (1984), that "R.C. 2937.07 confers a substantive right" and a no contest plea may not be the basis for a finding of guilt without an explanation of circumstances, required the invalidation of Russell's plea of guilt and the dismissal of the underlying charge. *Russell* at ¶ 10. We observed in dicta that the rationale articulated in *Bowers* pertains exclusively to no contest pleas. *Id.* at ¶ 11-12.

{¶25} Specifically, we wrote:

> [T]he *Bowers* case Appellant relies on specifically arose out of a no contest plea. There is no caselaw applying *Bowers* to a guilty plea. In the instant case, Appellant admitted his guilt by entering a guilty plea. He did not plead no contest. The main concern in *Bowers* was that the failure to provide an explanation of circumstances meant that there were no facts on which to find the defendant guilty. A no contest plea is not an admission of guilt, but rather, a stipulation that the court may make a finding of guilt from the explanation of circumstances provided to the court. [*Bowers*, 9 Ohio St.3d at 150]. There is a fundamental difference between pleading guilty and pleading no contest, because a guilty plea constitutes an actual admission of guilt, whereas a plea of no contest requires the trial court to make a finding of guilt based on some type of evidence, at least in a misdemeanor case. [*State v. Knaff*, 128 Ohio St.3d 90, 93 (1988)].

In *Bowers*, the defendant pleaded no contest to two misdemeanor traffic offenses. . . . The *Bowers* Court held that the requirement of an explanation of circumstances in R.C. 2937.07 was a substantive right that was not superseded by Crim.R. 11, and that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." [*Bowers* at 150].

It is clear from the entire context of the *Bowers* case that it is solely directed at situations when a defendant has pleaded no contest. *Bowers* has no relevance in a case such as [Russell's] where the defendant entered a guilty plea.

*Russell* at ¶ 12-14.

{¶26} Ohio intermediate appellate courts that have considered the issue post-*Russell* have found the absence of an explanation of the circumstances in the record is harmless error where the defendant pleaded guilty to the charges, as it did not affect the voluntariness of the plea. *See State v. Price*, 2025-Ohio-1487, ¶ 41 (2d Dist.)*; State v. Sanchez*, 2024-Ohio-5868, ¶ 17-18 (11th Dist.); *State v. Thompson*, 2024-Ohio-5533, ¶ 16 (6th Dist.).

{¶27} The plain language of R.C. 2937.07 requires the county court to call for an explanation of the circumstances of the offense regardless of the nature of the plea. Nonetheless, we find the statutory violation here is insufficient to invalidate Appellant's convictions and result in the dismissal of the charges.

{¶28} Where there is "a '[d]eviation from a legal rule,' courts undertake a ' "harmless error" inquiry – to determine whether the error "affect[ed] substantial rights" of the criminal defendant.' " *State v. Morris*, 2014-Ohio-5052, ¶ 23, quoting *State v. Fisher*, 2003-Ohio-2761, ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 732-733, 734 (1993). "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). "The term 'substantial rights' has been interpreted to require that ' "the error must have been prejudicial." ' " *Morris* at ¶ 23, quoting *Fisher* at ¶ 7, quoting *Olano* at 734.

**{¶29}** Because Appellant entered a guilty plea, rather than stipulated that the county court may make a finding of guilt from the explanation of circumstances provided to the court, we find the county court's statutory violation is harmless error. In Ohio, a "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Further, Appellant acknowledged at the hearing that he was admitting guilt as to each element of the offenses as a consequence of his pleas of guilty. Finally, Appellant has not asserted his plea was not voluntary as a consequence of the statutory violation.

**{¶30}** Insofar as there is no evidence in the record that Appellant suffered any prejudice as a consequence of the county court's statutory violation, we join the Sixth, Eleventh, and Twelfth District Courts of Appeal and find the county court's failure to call for an explanation of the circumstances of the offenses constitutes harmless error following a plea of guilty. We further find Appellant's first assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING [APPELLANT] TO CONSECUTIVE SENTENCES WITHOUT CONSIDERING THE REQUIRED FACTORS IN O.R.C. 2929.22.**

**{¶31}** "A misdemeanor sentence is reviewed for an abuse of discretion." *State v. Hole*, 2024-Ohio-1811, ¶ 11 (7th Dist.), citing *State v. Nuby*, 2016-Ohio-8157, ¶ 10 (7th Dist.), citing *State v. Reynolds*, 2009-Ohio-935, ¶ 9 (7th Dist.). "Abuse of discretion" connotes an attitude that is "unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶32}** "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). A court imposing a misdemeanor sentence "has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A) (without creating an unnecessary burden on local government resources).

{¶33} In imposing a misdemeanor sentence, the court shall consider all of the following factors:

> (a) the nature and circumstances of the offense; (b) any circumstances surrounding the offender and the offense indicating a history of persistent criminal activity and substantial risk of recidivism; (c) any circumstances indicating the offender's history, character, and condition show a substantial risk of danger to others and conduct characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to consequences; (d) any victim characteristics influencing vulnerability or impacting the seriousness of the offense; (e) the general likelihood of recidivism; (f) any conditions traceable to military service contributing to the offense; and (g) any military service record.

R.C. 2929.22(B)(1). The court may also consider any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.22(B)(3).

{¶34} In *Hole*, 2024-Ohio-1811, we explained the presumption created by a silent record following the imposition of a sentence on a misdemeanor:

> A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. Nevertheless, a court sentencing for a misdemeanor is not required to state on the record its consideration of the sentencing factors. *State v. Wallace*, 7th Dist. Mahoning No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable, supra*, at ¶ 24.

> A reviewing court must presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. Mahoning No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable, supra*, at ¶ 24. In other words, a silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing

criteria. *Wallace*, *supra*, at ¶ 16; *Best*, *supra*, at ¶ 14; *Crable*, *supra*, at ¶ 24–25.

*Id.* at ¶ 12-13.

**{¶35}** Appellant argues, "the trial court could not have possibly considered the sentencing factors . . . [because] neither the court nor the state took steps to have the facts of the offense read into the record." (Appellant's Brf., p. 5.) Appellant continues, "[w]ithout knowing the facts of the offense, it would be impossible to properly consider [R.C.] 2929.22(a). Sections (b) and (c) also require familiarity with [Appellant's] conduct." *Id.*

**{¶36}** In order to demonstrate an abuse of discretion, Appellant must overcome the rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. Although a detailed recitation of the facts underlying Appellant's convictions is not in the record, we find there is no affirmative showing that the county court did not consider the statutory misdemeanor criteria.

**{¶37}** The nature and circumstances of the offenses can be gleaned in some part from the victims' statements at the hearing. For instance, J.M. stated "the attacks and threats that [Appellant] did were *all over social media*." (Emphasis added) (8/6/25 Hrg., p. 7.) V.W. stated threats were made to his family, his children, and his home. With respect to the substantial risk of recidivism and evidence of conduct characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to consequences, V.W. stated Appellant had contacted him on an annual basis regarding an incident that occurred ten years prior to the hearing.

**{¶38}** Of equal import, there is no dispute the sentence was fashioned in a manner to achieve the overriding purposes of sentencing, that is, to protect the victims and punish the offender. Rather than imposing the majority of the actual jail sentence, the county court suspended the majority of the sentence, creating considerable disincentive for Appellant to repeat this criminal conduct. Appellant essentially received his request for time served, and Appellant conceded through counsel at the hearing that Appellant "fully [understood] that there [would] be a very short leash." (*Id.* at p. 10.)

Case No. 25 BE 0046

**{¶39}** As there is no affirmative evidence in the record demonstrating the county court did not consider the statutory misdemeanor sentencing criteria, we find the county court did not abuse its discretion in imposing consecutive sentences. We further find Appellant's second assignment of error has no merit.

## CONCLUSION

**{¶40}** For the foregoing reasons, the August 6, 2025 docket and journal entry of the Belmont County Court, Northern Division, convicting Appellant of two counts of aggravated menacing, and imposing maximum, consecutive sentences of 180 days for each conviction, for an aggregate sentence of 360 days, with 337 days suspended is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Belmont County Court, Northern Division, of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**